David W. Elmquist – SBT # 06591300
REED & ELMQUIST, P.C.
604 Water Street
Waxahachie, TX 75165
972-938-7334

ATTORNEYS FOR DAN LAIN, CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| INTERNATIONAL GALLERIES, INC., | § | CASE NO. 06-30306-BJH-7 |
| | § | (Chapter 7) |
| | § | **Hearing set for: May 28, 2008** |
| Debtor. | § | **at 1:15 p.m.** |

**FIRST INTERIM APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
<u>DAN LAIN, CHAPTER 11 AND 7 TRUSTEE</u>**

TO THE HONORABLE BARBARA J. HOUSER, UNITED STATES BANKRUPTCY JUDGE:

Comes now, Dan Lain,  ("Applicant" or "Trustee") and makes his First Interim

Application for Allowance of Compensation and Reimbursement of Expenses ("Application") for

the period March 10, 2006 through May 18, 2006 ("Application Period 1") and the period May

19, 2006 through April 30, 2008 ("Application Period 2")  pursuant to the provisions of 11

U.S.C. § 326 and in support thereof, would respectfully show the Court as follows:

### I.  Jurisdiction and Venue

1.      The Court has jurisdiction to consider the relief requested herein under 28 U.S.C. §

1334(b) and the standing order of reference of the District Court.  This Application relates to the

administration of the International Galleries, Inc. (IGI) bankruptcy estate.  It is, therefore, a core

proceeding under 28 U.S.C. § 157(b)(2)(A).  Venue is proper under 28 U.S.C. § 1409.

## II. Factual and Procedural Background

2.      On January 31, 2006 (the "Petition Date"), IGI filed a voluntary bankruptcy petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. IGI, which commenced business in May 2003, was engaged in the business of printing and selling to its customers/members limited-edition reproductions of paintings through a multi-level marketing program. IGI sold most of these reproductions through its membership base which, as of the Petition Date, purportedly consisted of over 100,000 individuals.

3.      On February 17, 2006, Megafund Corp. filed a motion to convert the case to Chapter 7, or alternatively, to appoint a Chapter 11 trustee. Following an initial investigation by its counsel, the Official Unsecured Creditors' Committee (the "Committee") supported the appointment of a Chapter 11 trustee and proposed Dan Lain as such trustee. On March 9, 2006, this Court entered an order directing the appointment of a Chapter 11 trustee, and Lain was thereafter appointed as the Chapter 11 trustee. A true and correct copy of this Order is attached hereto as Exhibit "A."

4.      After investigating the business activities and financial affairs of the Debtor, Applicant determined that reorganization of the Debtor or sale of the business as a going concern was not feasible and it was in the best interests of creditors and the estate for this case to be converted to Chapter 7. There was no opposition to this motion, and the Court entered an order converting this case to Chapter 7 on May 22, 2006. Applicant now serves as the Chapter 7 trustee.

## III. Case Administration

### A.      Auction Sale of FF&E

5.      Soon after conversion of this case to Chapter 7, the Trustee requested this Court's approval of a public auction sale of the Debtor's furniture, fixtures, equipment ("FF&E") and other

personal property other than artwork. This Court approved the Trustee's motion and the auction was conducted by Rosen Systems, Inc. on June 22, 2006. The gross proceeds collected were just over $517,000. The net sale proceeds were paid to the Debtor's landlords, Beltline & Marsh Lane Investors LP and Realty Road Investors LP (the "Landlords"), who held secured claims on virtually all of the Debtor's assets, including the FF&E.

### B.    Settlement with Optimal Companies

6.    At the peak of IGI's business operations in 2005, it was selling, on an annualized basis, hundreds of thousands of art reproductions to more than 48,000 customers/members. Most of these sale transactions were done with credit or debit cards, and IGI utilized the services of credit/debit card processing companies to process these transactions. One of these processing companies was Optimal Payments Ltd. ("Optimal") which processed credit and debit card transactions between IGI and its customers and credit card transactions relating to certain "reward cards" issued by IGI pursuant to a processing agreement. To secure IGI's obligations under the processing agreement IGI provided a $300,000 security agreement and established reserve accounts with Optimal that were funded by monies retained by Optimal as it processed transactions.

7.    On the Petition Date, the security deposit and reserve account balances totaled approximately $2,182,000. A few months before IGI's bankruptcy filing Optimal notified IGI it was terminating the processing agreement due to IGI's purported breach of the agreement and due to excessive chargebacks by IGI's customers. The Trustee's counsel reviewed and analyzed the respective rights of Optimal and the IGI estate to the funds held by Optimal. While the Trustee had colorable arguments to challenge Optimal's rights to the funds held by it, the Trustee did not have the personnel or the resources to challenge the substance of the chargeback requests or other debits to the reserve accounts. Taking all factors into consideration, the Trustee determined it was in the best

interest of the estate and its creditors to settle with Optimal, which settlement was approved by the Court by order entered July 27, 2006. Under the settlement, Optimal retained the $300,000 security deposit and the estate received the remainder of the $1,739,919.93 in the reserve accounts.

### C.    Attempt to Sell Intangible Property

8.    Following the auction of IGI's FF&E, the Trustee received an offer from Investing Group International, Inc. to purchase certain intangible property and books and records of IGI, which included personally identifiable information of IGI's active members, for a maximum purchase price of $500,000. The purchaser's intent was to use the purchased IGI membership list of active members to establish an initial membership base to conduct business operations similar to those of IGI.

9.    Under Bankruptcy Code § 363(b)(1)(A), the sale of the personally identifiable information was dependent on the active IGI members' consent to the transfer of their names and email addresses and the members had not consented to such sale. Consequently, the Trustee was unable to sell the customer's list. As a result, the terms of the sale had to be modified and the purchase price was reduced.

10.    The Trustee filed his motion to approve the sale of the intangible personal property on July 3, 2006. However, prior to the hearing on the motion certain issues arose with respect to the membership data and the purchaser elected not to fulfill its obligations under the purchase agreement (thus forfeiting its $20,000 earnest money deposit), and the agreement was cancelled by the Trustee.

### D.    Settlements with Artists

11.    The Giclée reproductions that IGI sold in the ordinary course of business were created from digitized images of original paintings that were sold to IGI pursuant to certain licensing or purchase contracts (the "Artist Contracts") between IGI and the artist who painted the original painting or paintings, or the owner of that painting or paintings. Under the terms of the Artist

Contracts, IGI had the right to sell the Giclée reproductions that IGI digitally reproduced. Pursuant to a provision in most of the Artist Contracts the Trustee claimed ownership in the 677 original paintings that were in the Trustee's possession. Most of the artists disputed the Trustee's claim of ownership, contending that they owned the original paintings.

12.    In January, 2007, the Trustee was actively engaged in an effort to sell IGI's entire inventory of 30,000 "Giclée"-printed reproductions (the "Reproductions") that were in the Trustee's possession, but several artists challenged the Trustee's right to sell the Reproductions of their paintings without first assuming (and curing defaults under) their licensing contracts with IGI.

13.    Given the dispute over the ownership of the original paintings and the Trustee's need to sell the Reproductions, the Trustee determined that it was in the best interest of the IGI estate to settle the dispute over ownership of the original paintings in conjunction with the sale of the Reproductions. By a motion filed January 17, 2007, the Trustee proposed a settlement with 144 artists whereby the Trustee would return to the respective artists their original paintings in exchange for the artists' consent to the Trustee's sale of the Reproductions of their paintings. The Trustee would also remit to each artist the royalty payments due under the Artist Contracts for the Reproductions sold by the estate. Finally, each artist would have an allowed unsecured claim for royalty payments due the artist on the Petition Date. The proposed settlement would be evidenced by letter agreements to be executed by the Trustee and the settling artists before the hearing on the motion.

14.    At the time of the hearing on this settlement motion, the vast majority of the artists had executed settlement letters. The Court approved the settlement motion by order entered March 15, 2007. The settlement order specifically excepted certain artists who had objected to the settlement proposal to permit continued negotiations.

15.      Subsequent to the settlement order, the Trustee negotiated a separate settlement with artist Tom duBois who had alleged copyright infringement by IGI for selling Reproductions of seven of his paintings for which there was no licensing contract and asserted a $4 million damages claim. Pursuant to this settlement, original paintings were returned to duBois, the Trustee was permitted to sell duBois' Reproductions, and duBois was granted an allowed unsecured claim in the amount of $1,619,560. An agreed order approving the duBois settlement was entered on May 18, 2007.

16.      Incident to the settlement with certain of the artists, the Trustee agreed to exercise his best efforts to recover from Que Imaging, Inc. ("Que") 21 original paintings that had been delivered to it by IGI pre-petition for scanning and imaging. Despite demands by the Trustee and the affected artists, Que refused to return the paintings to IGI unless approximately $13,000 in past due invoices were paid and Que asserted a statutory artisan's lien in the paintings. Finally, in March 2007, the Trustee was able to reach a compromise with Que whereby Que agreed to deliver to the Trustee the paintings in its possession in exchange for an allowed unsecured claim of $13,191.49. An order approving the settlement with Que was entered on May 2, 2007.

### E.      Disposition of Giclée Reproductions and Originals

17.      After his appointment as Chapter 7 trustee, the Trustee attempted for several months to locate a party to purchase the Reproductions in bulk. The Trustee hired a consultant with experience and contacts in the art community to assist in his sale efforts. Several prospective purchasers expressed interest, and at least two asset purchase agreements were negotiated and drafted, but, ultimately, none of the potential buyers were interested in proceeding with a purchase of the Reproductions. It was the Trustee's belief at that point that an online liquidation sale was the best way to maximize the value of the reproductions for the estate. So in February 2007, the Trustee filed a motion to approve an online liquidation sale through the Rosen Systems, Inc. website of the

Reproductions of artists who had settled with the Trustee pursuant to the approved artist settlement motion. An order approving the Trustee's sale motion was entered on March 20, 2007. This order also permitted the Trustee to sell at the conclusion of the online liquidation sale process any remaining Reproductions at a public auction sale.

18.    By separate motion filed in April, 2007, the Trustee sought authority to sell through the online liquidation sale and subsequent public auction as necessary (i) 1,206 Reproductions of original paintings by artists who had not yet accepted the Trustee's settlement offer; (ii) 694 framed Reproductions that were displayed at IGI's business premises, and (iii) 42 original paintings that were either purchased from artists by IGI, or in which the IGI estate acquired ownership. An order was entered May 18, 2007 granting this sale motion.

19.    The online liquidation sale and the subsequent public auction of the Reproductions and original paintings were conducted from February 19, 2007 through May 24, 2007. The gross proceeds collected were $102,699.85.

20.    On the Petition Date, approximately 9,500 Giclée reproductions purportedly purchased by Networking Investors Club, Inc. ("NIC"), an entity owned and/or controlled by Paul J. Myer ("Myer") (the "NIC Reproductions"), were being stored at the Debtor's business premises. In July, 2006, NIC's counsel made demand upon the Trustee for the turnover of the NIC Reproductions and provided documents that purportedly established NIC's ownership. After reviewing these documents with his counsel, the Trustee determined that the documents did not establish NIC's ownership claim. Consequently, the Trustee refused to turn over the NIC Reproductions pending the Trustee's determination of the value of the NIC Reproductions. The Trustee then unsuccessfully attempted to reach a compromise with NIC and even considered selling the NIC Reproductions over NIC's objection pursuant to § 363(f)(4). The Trustee eventually determined that the litigation costs

would likely exceed the net sale proceeds and concluded there was no realizable value for the IGI

estate that could be derived from the sale of the NIC Reproductions. Accordingly, by notice filed

May 11, 2007 and lack of objection thereto, the Trustee abandoned the estate's interest in the NIC

Reproductions to the Debtor.

**F.      Wheeler Settlement**

21.      One of the Artist Contracts IGI entered into was with Robert and Esther Wheeler (the

"Wheelers") which permitted IGI to produce and sell Giclée reproductions of an original painting

entitled "Quiet Pond" by Alfred Sisley (the "Sisley Painting"). The Sisley Painting was delivered to

IGI's corporate offices pre-petition and IGI subsequently obtained an insurance appraisal of the Sisley

Painting which reflected a replacement value of $450,000. However, neither the Wheelers nor IGI

had the Sisley Painting insured.

22.      At the time of the conversion of this case to Chapter 7 the Sisley Painting was stored

in a locked room at IGI's corporate offices with other original paintings. Then in early November,

2006, the original paintings were moved by the Trustee to a new location as part of the Trustee's

agreement with the landlord for the corporate offices. Soon afterwards, a new inventory of the

original paintings was conducted wherein it was discovered that the Sisley Painting was missing.

The Trustee believes that the Sisley Painting was stolen from the IGI corporate offices sometime

prior to the transfer of the paintings to the new location.

23.      Prior to the discovery that the Sisley Painting was missing, the Wheelers filed a claim

in the amount of $4,000,000 for the value of the Sisley Painting and $1,440 for unpaid pre-petition

royalties. By letter dated January 25, 2007, the Wheelers made a claim against the Trustee arising

from the loss of the Sisley Painting asserting that the Trustee breached his fiduciary duty to the

Wheelers. The Trustee responded by denying the Wheelers' claims and that he had any liability to

them. Over the course of several weeks, the Trustee and the Wheelers negotiated a settlement wherein the Wheelers would have an allowed administrative expense claim of $135,000 and an allowed pre-petition unsecured claim of $365,000 for the loss of the Sisley Painting, plus a claim of $1,440 for unpaid royalties. This claim is subject to reduction under certain circumstances in the event the Sisley Painting is found. The Trustee also delivered all Reproductions of the Sisley Painting in his possession to the Wheelers. An order approving the settlement with the Wheelers was entered May 16, 2007.

**G.     La Raza Action**

24.     On August 30, 2005, IGI commenced a defamation action against La Raza Chicago, Inc. ("La Raza") and Miguel Angel Arietta in the United States District Court, Northern District of Illinois, Eastern Division, styled *International Galleries, Inc. v. La Raza Chicago, Inc. and Miguel Angel Arietta*, Case No. 1:05-cv-04991 (the "La Raza Action") as a result of an article published by La Raza concerning IGI's business operations. The La Raza Action was filed on behalf of IGI by the Chicago law firm of Sachnoff & Weaver, Ltd. ("Sachnoff & Weaver").

25.     Sachnoff & Weaver represented IGI for the first five months that the La Raza Action was pending, but IGI failed to pay Sachnoff & Weaver's monthly billing statements. Consequently, on February 1, 2006, Sachnoff & Weaver filed a motion to withdraw as counsel for IGI in the La Raza Action, which motion was granted. On June 1, 2006, the Trustee filed an application to employ the law firm of Sommers Schwartz, P.C. ("Sommers Schwartz") as his special counsel pursuant to a contingency fee agreement to replace Sachnoff & Weaver. This employment was approved by order of this Court entered on July 18, 2006.

26.     During the sixteen-month period of pre-trial preparation, attorneys and paralegals at Sommers Schwartz reviewed tens of thousands of pages of documents, interviewed scores of

witnesses and potential witnesses, conducted extensive written discovery, and took or defended over twenty depositions. They also worked extensively with business consultants and with several expert witnesses, including expert witnesses on the standard of care in journalism, art appraisal, and damages. The Trustee participated actively with his attorneys and experts in all phases of trial preparation and the trial itself.

27.     The jury trial of the La Raza Action was scheduled to commence, and did commence, on November 5, 2007. The trial proceeded for two weeks but was not concluded due to a settlement reached by the parties on November 16, 2007, shortly before the jury was to commence deliberations.

28.     A motion to approve the settlement of the La Raza Action was filed on December 7, 2007. One objection to the motion was filed by ASM Capital, one of the largest unsecured creditors in the case as a result of the claims it purchased. Following an extended evidentiary hearing, the Court approved the settlement by order entered on February 13, 2008. Under the settlement approved by the Court the Trustee received $3,000,000, of which approximately $1,548,000 was paid to Sommers Schwartz for its fees and expenses that were approved by this Court.

## H.    Claims Against Banks Fine Art

29.     In May and June 2005, IGI purchased from Banks Fine Art, LLC ("BFA") a painting entitled "Les Enfants de Paysan" by Leon Jean Basile Perrault (the "*Perrault*") for the sum of $260,000, a painting entitled "The Shooting Lesson" by August de la Brely (the "*Shooting Lesson*") for the sum of $18,500, and a painting entitled "Madonna and Child" by Corrado Giaqunito (the "*Madonna*") for the sum of $35,000.

30.     Shortly after the delivery of the paintings to IGI, BFA issued invoices to IGI for the full purchase price of the paintings; each invoice provided that "full payment is due upon invoicing."

IGI did not pay the full purchase price upon its receipt of the invoices, but IGI did make partial payments totaling $40,500.

31.    BFA through its president, Robert Banks ("Banks"), made repeated demands upon IGI for payment of the balances due BFA, but IGI failed to make any further payments. Due to IGI's continued failure to pay for the paintings, Banks insisted that IGI return the paintings to BFA. IGI relented to Banks' demand and surrendered all three paintings to Banks in October 2005.

32.    By letters dated March 28, 2006 and August 21, 2006, the Trustee made demand upon BFA for return of the $40,500 that IGI paid BFA for the purchase of the paintings, but BFA refused.

33.    By letter dated January 10, 2007, the Trustee, through his counsel, demanded that BFA turn over to the Trustee all three paintings, or the value of the paintings if any had been sold. BFA refused to return the paintings to the Trustee, and also refused to pay to the Trustee the $217,715 received by BFA on April 17, 2006 from the sale of the *Perrault*.

34.    On February 9, 2007, the Trustee filed an adversary proceeding no. 07-3042 against BFA wherein the Trustee alleged that three paintings in BFA's possession were property of IGI's bankruptcy estate, and sought the turnover of those paintings under 11 U.S.C. § 542.

35.    By order entered on September 5, 2007, this Court granted a motion by the Trustee for partial summary judgment with respect to the Trustee's claim for turnover of the *Madonna* and the *Shooting Lesson* paintings, but denied the motion with respect to the *Perrault* painting because the Court found that a factual issue existed as to whether IGI had repudiated the *Perrault* contract. Trial of the adversary proceeding was set to commence December 10, 2007.

36.    Following negotiations between the parties and their counsel, on December 5, 2007, the Trustee and BFA reached a settlement of the remaining disputed issues and claims. The terms of the settlement provided that BFA would pay $110,000 in two payments to the Trustee for the benefit

of the IGI estate by March 31, 2008. In exchange for the payments by BFA, the Trustee would dismiss the adversary proceeding and would transfer to BFA title to the following paintings: *Madonna*, *The Shooting Lesson*, *Beautiful Shepherdess*, *The Pieta*, and *Virgin at the Foot of the Cross*. The parties would also execute mutual releases.

37.    By order entered February 13, 2008 this Court approved the Trustee's settlement with BFA. The settlement between the Trustee and Banks has now been fully consummated.

### IV. Administrative Expenses

38.    IGI's cash balance as of April 30, 2008, was approximately $1,875,000. This cash is unencumbered.

39.    By order entered February 13, 2008, this Court approved the fee application of Sommers Schwartz for services rendered as special counsel to the Trustee in the La Raza Action. Sommers Schwartz was awarded its contingent fee of $1,200,000 and reimbursement of expenses of $347,963.05, which amounts were paid to Sommers Schwartz by the Trustee shortly after entry of the order.

40.    Just after conversion of this case to Chapter 7, Neligan Foley, LLP ("NF") and Cox Smith Matthews Incorporated ("CSM") filed a joint final application for fees and expenses as Debtor's Chapter 11 counsel. This Court awarded fees of $50,456.00 and reimbursement of expenses of $5,347.69 to NF, and permitted NF to draw down the balance of its retainer, leaving unpaid fees and expenses due NF of $28,174.00. This Court also awarded fees of $28,400.00 and reimbursement of expenses to CSM of $305.49. Consequently, there remain owing Chapter 11 fees and expenses to NF and CSM in the total amount of $56,879.49.

41.    At this time, Applicant is unaware of any other pending fee applications; however, Applicant expects that fee applications will be filed by Lain, Faulkner & Co., P.C., Accountants to

the Trustee, by Winstead PC with respect to its representation of the Creditor's Committee, and by

Winstead, as counsel to the Trustee as well as Reed & Elmquist PC as counsel to the Trustee.

## V. Trustee's Prior Fee Applications

42.    No prior fee applications have been filed by the Trustee in connection with this case.

43.    During the Application Periods, Applicant has served as Chapter 11 and Chapter 7

Trustee and pursuant to § 331 and 326 of the United States Bankruptcy Code and Rule 2016 of

the Federal Rules of Bankruptcy Procedure, makes this Application for the award of reasonable

compensation and reimbursement or reasonable and necessary out-of-pocket expenses.

44.    During the Application Period, the Trustee was responsible for $3,743,984.96 in

disbursements as reported in the Cash Receipts and Cash Disbursements Summary Schedule

from March 2006 through April 2008. In addition, fee applications of the Trustee's professionals

totaling $1,167,280.47 are being heard concurrently with this Application, bringing the total past

and proposed disbursements to $4,911,265.43. Based upon the limitations on trustee

compensation as set forth in 11 U.S.C. § 326, the maximum amount of allowable trustee fees is

$170,587.96. See Exhibit "B." It should be noted that all cash receipts and, consequently,

disbursements were made during the Chapter 7. The time spent by the Trustee in this matter has

been divided between the Chapter 11 and the Chapter 7 time periods for the convenience of the

reader.

45.    Applicant has attached as Exhibit "C" summary which lists the total hours billed

during Chapter 11. Applicant has incurred 123.80 hours during the Application Period 1.

Applying the hours incurred to the Trustee's customary average hourly rate during the period

($345.00) would yield fees of $42,711.00. Applicant makes such calculation solely for the

purpose of showing of his interim request for fees.

46.    Applicant has attached as Exhibit "D" summary which lists the total hours billed

during Chapter 7. Applicant has incurred 746.70 hours during the Application Period 2.

Applying the hours incurred to the Trustee's customary average hourly rate during the period

($352.81) would yield fees of $263,442.00. Applicant makes such calculation solely for the

purpose of showing of his interim request for fees.

47.    Applicant also requests reimbursement of reasonable and necessary out-of-pocket expenses for Application Period 2 totaling $7,083.83 as set forth in Exhibit "E." Since its appointment, Applicant has committed the necessary time and effort to perform duties of the Trustee. A total of 870.5 hours for both Applicant Periods. Attached as Exhibit "F" are Applicant's detailed time records for Applicant Period 1. Attached as Exhibit "G" and "H" are Applicant's detailed time records for Application Period 2.


### PRAYER FOR RELIEF

WHEREFORE, the Applicant respectfully prays that the Court allow interim compensation in the amount of $170,587.96 and reasonable and necessary expenses in the amount of $7,083.83.

Respectfully submitted,

Dan Lain
LAIN, FAULKNER & CO., P.C.
400 N. Saint Paul, Suite 600
Dallas, Texas 75201
(214) 720-1929 Telephone
(214) 720-1450 Facsimile



U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the order of the Court.

Signed March 10, 2006

United States Bankruptcy Judge

---

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| International Galleries, Inc. | § | Case No. 06-30306-BJH-11 |
| | § | |
| DEBTOR | § | CHAPTER 11 |

### ORDER APPROVING APPOINTMENT OF TRUSTEE

This cause comes before the Court upon the Application to Approve Appointment of Trustee filed by the United States Trustee in the above entitled case. It appearing that Dan Lain was appointed by the United States Trustee after consulting with the appropriate parties-in-interest, that Mr. Lain is qualified under 11 U.S.C. §321(a) to serve as Trustee in this case, and that Mr. Lain has no connection with the Unites States Trustee or any persons employed by the United States Trustee, it is

ORDERED that the appointment of Dan Lain as Trustee in this case be, and it is hereby, APPROVED.

### end of order ###

EXHIBIT A

**International Galleries Inc.**
**Summary of Cash Receipts and Disbursements**

| Cash Receipts | Amount |
|---|---|
| La Raza Litigation | 3,000,000.00 |
| Banks Fine Art Litigation | 110,000.00 |
| Credit Card Processor | 1,739,879.93 |
| Auction Proceeds | 733,555.10 |
| Miscellaneous Refunds | 14,022.67 |
| Interest | 22,688.05 |
| **Total Cash Receipts through April 30, 2008** | **5,620,145.75** |

| Cash Disbursements | |
|---|---|
| Post Petition Operating Expenses | 135,937.72 |
| Artist Royalties | 5,219.62 |
| La Raza Litigation Attorney's Fee | 1,200,000.00 |
| La Raza Litigation Expenses | 592,540.56 |
| Auctioneer's Commission and Expenses | 44,891.71 |
| Rent Expenses | 1,364,178.42 |
| Secured Claims: | |
| Maxuptime LLC | 2,625.94 |
| Comptroller of Public Accounts | 363,754.48 |
| Dallas County | 34,836.51 |
| **Cash Disbursements through April 30, 2008** | **3,743,984.96** |

| Proposed Disbursements: * | |
|---|---|
| Lain, Faulkner & Co. - Trustee's Accountants | 403,066.61 |
| Winstead, PC - Trustee's Counsel | 721,533.22 |
| Reed & Elmquist PC - Trustee's Counsel | 42,680.64 |
| **Propsed Disbursements** | **1,167,280.47** |

| **Total Cash and Proposed Disbursements** | **4,911,265.43** |
|---|---|

**Trustee Commission Calculation:**

| Chapter 7 Disbursements: | | 4,911,265.43 | |
|---|---|---|---|
| | 5,000.00 | 0.25 | 1,250.00 |
| | 45,000.00 | 0.10 | 4,500.00 |
| | 950,000.00 | 0.05 | 47,500.00 |
| | 3,911,265.43 | 0.03 | 117,337.96 |
| **Total Trustee Commission** | | | **170,587.96** |

\* Fee applications to be heard concurrently with this Application.

Exhibit B

# LAIN, FAULKNER & CO., P.C.
## International Galleries - Trustee
## Fee Application Summary
## For the Period March 01, 2006  through May 18, 2006

Name of Applicant:  LAIN, FAULKNER & CO., P.C.

Role in the Case:  Chapter 11 Trustee

| | |
|---|---|
| Fees Previously Requested: | $0.00 |
| Fees Previously Awarded: | $0.00 |
| Fees Previously Paid: | $0.00 |
| Expenses Previously Requested: | $0.00 |
| Expenses Previously Awarded: | $0.00 |
| Expenses Previously Paid: | $0.00 |
| Retainer Paid: | $0.00 |

Current Application:
  Fees Requested:        $42,711.00
  Expenses Requested:         $0.00

| Employee | Current Hours Billed | Hourly Rate | Total Amount |
|---|---|---|---|
| **Professional** | | | |
| Dan Lain | 123.80 | 345.00 | 42,711.00 |
| | 123.80 | | 42,711.00 |
| | 123.80 | | $  42,711.00 |

**Value of hours not billed:**          $          0.00

**Total Blended Hourly Rate: (Professionals)**   $      345.00
**Total Blended Hourly Rate: (All)**          $      345.00

**EXHIBIT C**

## LAIN, FAULKNER & CO., P.C.
## International Galleries - Ch. 7 (TTEE)
## Fee Application Summary
## For the Period May 19, 2006  through March 31, 2008

| | | | |
|---|---|---|---|
| Name of Applicant:  LAIN, FAULKNER & CO., P.C. | Fees Previously Requested: | | $0.00 |
| | Fees Previously Awarded: | | $0.00 |
| Role in the Case:  Chapter 7 Trustee | Fees Previously Paid: | | $0.00 |
| | Expenses Previously Requested: | | $0.00 |
| | Expenses Previously Awarded: | | $0.00 |
| Current Application: | Expenses Previously Paid: | | $0.00 |
| Fees Requested: $263,442.00 | | | |
| Expenses Requested: $7,083.83 | Retainer Paid: | | $0.00 |

| Employee | Current Hours Billed | Hourly Rate | Total Amount |
|---|---|---|---|
| **Professional** | | | |
| Dan Lain | 43.10 | 375.00 | 16,162.50 |
| Dan Lain | 371.50 | 360.00 | 133,740.00 |
| Dan Lain | 326.10 | 345.00 | 112,504.50 |
| Dan Lain | 6.00 | 172.50 | 1,035.00 |
| | 746.70 | | 263,442.00 |
| | 746.70 | | $   263,442.00 |

| | | |
|---|---|---|
| **Value of hours not billed:** | $ | 0.00 |
| **Total Blended Hourly Rate: (Professionals)** | $ | 352.81 |
| **Total Blended Hourly Rate: (All)** | $ | 352.81 |

**EXHIBIT D**

# LAIN, FAULKNER & CO., P.C.
## International Galleries - Ch. 7 (TTEE)
## Summary Sheet - Expenses Incurred
## For the Period  May 19, 2006  through March 31, 2008

| Expense Item | Rate | | Total |
|---|---|---|---|
| Lodging | At Cost | $ | 2,613.61 |
| Meals | At Cost | $ | 496.22 |
| Other | At Cost | $ | 5.00 |
| Parking & Tolls | At Cost | $ | 219.00 |
| Telephone | At Cost | $ | 1.00 |
| Transportation | Cost and/or IRS Pub. 535 mileage rate | $ | 3,749.00 |
| | | $ | 7,083.83 |

Copies (in-house) and telecopies are billed at $0.20 per page. Transportation is currently billed at $0.505 per mile.  All other expenses requested are billed at cost. All requested expenses are necessary, reasonable, economical and customarily charged to non-bankruptcy clients of Applicant.

EXHIBIT E

# LAIN, FAULKNER & CO., P.C.
## DAILY TIME & EXPENSE REGISTER
### 05/19/2006 THRU  03/31/2008
### Detail of Expenses

| Client Id | Date | Employee | Svc | Hours Rate | Amount | TimeCard Description |
|---|---|---|---|---|---|---|
| IG0855 | 06/19/2006 | DBL01 | 66 | *** Expense *** | 7.00 | Central Parking - Dallas |
| IG0855 | 06/28/2006 | DBL01 | 66 | *** Expense *** | 7.00 | Courthouse - parking |
| IG0855 | 12/04/2006 | DBL01 | 64 | *** Expense *** | 613.60 | American Airlines - DFW/ORD and return |
| IG0855 | 12/12/2006 | DBL01 | 63 | *** Expense *** | 24.22 | Potbelly Sandwich - Chicago - lunch with Andy Kochanowski and expert witness |
| IG0855 | 12/12/2006 | DBL01 | 64 | *** Expense *** | 100.00 | American Airlines - Chicago/DFW |
| IG0855 | 12/12/2006 | DBL01 | 68 | *** Expense *** | 5.00 | Westin Hotel - Chicago - PC Express |
| IG0855 | 12/13/2006 | DBL01 | 60 | *** Expense *** | 979.53 | Westin Hotel - Chicago - lodging |
| IG0855 | 12/13/2006 | DBL01 | 66 | *** Expense *** | 51.00 | DFW Airport - parking |
| IG0855 | 01/22/2007 | DBL01 | 66 | *** Expense *** | 7.00 | Courthouse - parking for hearing |
| IG0855 | 03/13/2007 | DBL01 | 66 | *** Expense *** | 7.00 | Courthouse - parking |
| IG0855 | 03/15/2007 | DBL01 | 63 | *** Expense *** | 55.65 | East Wind Restaurant - Dallas - lunch with Andy K. |
| IG0855 | 03/16/2007 | DBL01 | 66 | *** Expense *** | 7.00 | Courthouse - parking |
| IG0855 | 05/17/2007 | DBL01 | 66 | *** Expense *** | 8.00 | Courthouse - parking for DuBois hearing |
| IG0855 | 11/01/2007 | DBL01 | 64 | *** Expense *** | 640.80 | American Airlines - DFW/Chicago and return |
| IG0855 | 11/01/2007 | DBL01 | 64 | *** Expense *** | 42.00 | Globe Taxi Assn. - Chicago - taxi from airport to downtown |
| IG0855 | 11/01/2007 | DBL01 | 64 | *** Expense *** | 42.00 | American United - Chicago - taxi from Downtown to airport |
| IG0855 | 11/01/2007 | DBL01 | 64 | *** Expense *** | 49.00 | Airport Express - Chicago - shuttle service |
| IG0855 | 11/01/2007 | DBL01 | 66 | *** Expense *** | 16.00 | DFW Airport - parking |
| IG0855 | 11/07/2007 | DBL01 | 61 | *** Expense *** | 1.00 | Hilton Suites - Chicago - telephone |
| IG0855 | 11/07/2007 | DBL01 | 63 | *** Expense *** | 136.65 | Hilton Suites - Chicago - meals |
| IG0855 | 11/08/2007 | DBL01 | 63 | *** Expense *** | 14.90 | Hilton Suites - Chicago - breakfast |
| IG0855 | 11/08/2007 | DBL01 | 63 | *** Expense *** | 25.55 | Potbelly Sandwich Works - Chicago - lunch for litigation team |
| IG0855 | 11/08/2007 | DBL01 | 64 | *** Expense *** | 1,068.80 | American Airlines - DFW/Chicago and return |
| IG0855 | 11/12/2007 | DBL01 | 63 | *** Expense *** | 18.44 | Vivere - Chicago - dinner |
| IG0855 | 11/12/2007 | DBL01 | 64 | *** Expense *** | 42.00 | Globe Taxi Assn. - Chicago - taxi |
| IG0855 | 11/13/2007 | DBL01 | 63 | *** Expense *** | 103.63 | The Westin Chicago Ember Grille - Chicago - dinner with Andy K. |
| IG0855 | 11/13/2007 | DBL01 | 64 | *** Expense *** | 6.00 | Court - Chicago - taxi |
| IG0855 | 11/14/2007 | DBL01 | 64 | *** Expense *** | 40.00 | Chicago - taxi fare for witnesses |
| IG0855 | 11/15/2007 | DBL01 | 60 | *** Expense *** | 1,634.08 | Hampton Inn - Chicago - lodging |
| IG0855 | 11/15/2007 | DBL01 | 63 | *** Expense *** | 104.88 | Brasserie Jo - Chicago - dinner with Andy K. |
| IG0855 | 11/16/2007 | DBL01 | 63 | *** Expense *** | 12.30 | Courthouse Cafe - Chicago - lunch |
| IG0855 | 11/16/2007 | DBL01 | 64 | *** Expense *** | 1,062.80 | American Airlines - DFW/Chicago and return |
| IG0855 | 11/16/2007 | DBL01 | 64 | *** Expense *** | 42.00 | Chicago - taxi |
| IG0855 | 11/16/2007 | DBL01 | 66 | *** Expense *** | 85.00 | DFW Airport - parking |

# LAIN, FAULKNER & CO., P.C.
## DAILY TIME & EXPENSE REGISTER
## 05/19/2006 THRU  03/31/2008
### Detail of Expenses

| Client Id | Date | Employee | Svc | Hours Rate | Amount | TimeCard Description |
|-----------|------|----------|-----|------------|--------|----------------------|
| IG0855 | 02/01/2008 | DBL01 | 66 | *** Expense *** | 8.00 | Courthouse - parking (1/29/08) |
| IG0855 | 02/01/2008 | DBL01 | 66 | *** Expense *** | 8.00 | Courthouse - parking (1/30/08) |
| IG0855 | 02/07/2008 | DBL01 | 66 | *** Expense *** | 8.00 | Courthouse - parking |
| | | **\*Client Expenses** | | | **$7,083.83** | |
| | | **\*\*Register Expenses** | | | **$7,083.83** | |

EXHIBIT E

# LAIN, FAULKNER & CO., P.C.
## DAILY LOG
## March 01, 2006 THRU May 18, 2006
### For Services Rendered

## International Galleries - Trustee
## Trustee Services

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|--------------------------|----------------|------------|
| DBL | 04/07/2006 | Met with Paul Meyers, Bob Fridd, David Elmquist and Jeff Carruth regarding artist contracts, theft alligations and other matters; discussed QBOS findings with Jon Daniel; telecom with Andy Kochanowski and David Elmquist regarding contingent fee arrangement; telecom with Court in Chicago regarding LaRaza lawsuit; telecom with opposing counsel. | 5.00 | $1,725.00 |
| DBL | 04/10/2006 | Reviewed artist contract issues; follow-up on request to credit card companies; telecoms with Jeff Carruth regarding various matters. | 3.00 | 1,035.00 |
| DBL | 04/11/2006 | Prepared for and attended IGI continued 341 meeting; continued review of debtor's information. | 3.50 | 1,207.50 |
| DBL | 04/13/2006 | Reviewed auctioneer proprosals; discussed various matters with Jeff Carruth; follow-up on security issues with Jon Daniel; various creditor communication. | 4.00 | 1,380.00 |
| DBL | 04/17/2006 | Reviewed contingent fee agreement draft; telecoms with David Elmquist regarding same; reviewed website information; update with Jon Daniel; telecoms and emails with creditors. | 4.00 | 1,380.00 |
| DBL | 04/18/2006 | Telecom with Keith Aurzada regarding hearing on cash collateral; discussed same with David Elmquist; reviewed information for schedule additions from Debtor. | 3.50 | 1,207.50 |
| DBL | 04/20/2006 | Various telecoms with Jeff Carruth and David Elmquist; meeting at IGI office with John Meyer and counsel; telecom with Jim Lord regarding QBOS functions. | 3.50 | 1,207.50 |
| DBL | 04/21/2006 | Meeting at IGI with Michelle Shriro, Paul Meyer, Jeff Carruth and Jon Daniel regarding QBOS issues and Meyer's bid. | 2.00 | 690.00 |
| DBL | 04/21/2006 | Telecom with David Elmquist regarding contingent fee issues; discussed various matters with Jon Daniel. | 1.50 | 517.50 |
| DBL | 04/26/2006 | Meeting with David Elmquist regarding response to offers; attended Court hearing on conversion; met with Michelle Shriro; various telecoms with creditors. | 4.00 | 1,380.00 |
| DBL | 05/01/2006 | Telecoms with creditors; reviewed information at Debtor's premesis. | 2.00 | 690.00 |
| DBL | 05/02/2006 | Reviewed creditor correspondence; telecoms with David Elmquist; reviewed information from Debtor's records. | 2.50 | 862.50 |
| DBL | 05/03/2006 | Reviewed financial information from Debtor; various telecoms with creditors and attorneys; discussed various matters with David Elmquist. | 3.00 | 1,035.00 |
| DBL | 05/04/2006 | Communicated with creditors; discussed status of various matters with Jon Daniel; conference with David Elmquist. | 2.50 | 862.50 |
| DBL | 05/05/2006 | Numerous telecoms with David Elmquist and Jeff Carruth; telecoms with creditors; teleconference with David Elmquist and Gail. | 2.50 | 862.50 |
| DBL | 05/08/2006 | Traveled to IGI; met with Jon Daniel, Bob Fridd and Paul Meyer; returned to office. | 3.50 | 1,207.50 |
| DBL | 05/08/2006 | Participated in Creditors Committee teleconference; telecoms and emails with creditors; telecom with David Elmquist. | 1.50 | 517.50 |
| DBL | 05/09/2006 | Telecoms with David Elmquist regarding case matters; telecom with Court in Chicago; discussed issues with Jon Daniel. | 2.50 | 862.50 |
| DBL | 05/15/2006 | Telecoms with various creditors; discussed issues with Jon Daniel and Jeff Carruth. | 3.00 | 1,035.00 |

EXHIBIT F

# LAIN, FAULKNER & CO., P.C.
## DAILY LOG
## March 01, 2006 THRU May 18, 2006
### For Services Rendered

**International Galleries - Trustee**

**Trustee Services**

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|--------------------------|----------------|------------|
| DBL | 03/02/2006 | Met with David Elmquist regarding case issues; telecom with Len Rubin; discussed various matters with Jon Daniel. | 3.00 | $1,035.00 |
| DBL | 03/06/2006 | Telecoms with various parties on case issues. | 2.50 | 862.50 |
| DBL | 03/07/2006 | Telecoms with various parties; discussed case issues with Jon Daniel. | 1.50 | 517.50 |
| DBL | 03/08/2006 | Various discussions with Mark Andrews, David Elmquist regarding case issues. | 2.50 | 862.50 |
| DBL | 03/09/2006 | Met with Jon Daniel; telecoms with various partries in interest; lunch meeting with Mark Andrews. | 3.00 | 1,035.00 |
| DBL | 03/10/2006 | Meeting with Paul Meyers at IGI location; returned to office; telecoms with David Elmquist and Jeff Carruth. | 4.50 | 1,552.50 |
| DBL | 03/13/2006 | Reviewed and signed application to emply Lain, Faulkner; telecom with Mark Andrews; discussed issues with Jon Daniel. | 2.00 | 690.00 |
| DBL | 03/15/2006 | Telecom with Jon Daniel; telecom with Mark Andrews; reviewed emails. | 1.50 | 517.50 |
| DBL | 03/17/2006 | Met at IGI with Paul Meyers and Bob Fridd. | 4.00 | 1,380.00 |
| DBL | 03/20/2006 | Prepared for and attended IGI 341 meeting. | 4.00 | 1,380.00 |
| DBL | 03/21/2006 | Telecom with Mark Andrews regarding various issues; teleconference with David Elmquist and Mark Andrews regarding priority tasks; reviewed claims and other information. | 1.50 | 517.50 |
| DBL | 03/22/2006 | Telecoms with David Elmquist regarding various matters; reviewed proposal from Paul Meyers; reviewed claims; reviewed memo on awards. | 2.50 | 862.50 |
| DBL | 03/23/2006 | Met with Jon Daniel on various issues; met with Mike Quilling, Ken Hill, Milo Segner and David Elmquist; various discussions with David Elmquist on case matters. | 4.00 | 1,380.00 |
| DBL | 03/27/2006 | Meeting with David Elmquist, Mark Andrews and Paul Meyers; various discussions with David Elmquist and Keith Aurzada regarding landlord issues; telecom with Michelle Shriro. | 5.00 | 1,725.00 |
| DBL | 03/28/2006 | Telecom with David Elmquist; telecom with Michelle Shriro; reviewed drafts of agreed order; discussed various matters with Jon Daniel. | 2.00 | 690.00 |
| DBL | 03/29/2006 | Met with Mark Andrews, David Elmquist and Jeff Carruth regarding transition matters. | 1.30 | 448.50 |
| DBL | 03/29/2006 | Various telecoms with David Elmquist, Len Rubin and Michelle Shriro regarding case matters. | 2.00 | 690.00 |
| DBL | 03/30/2006 | Teleconferences with David Elmquist, Jeff Carruth, Jon Daniel and Len Rubin; reviewed documents relating to LaRaza lawsuit; telecom to potential contingent fee counsel. | 4.00 | 1,380.00 |
| DBL | 03/31/2006 | Various teleconferences; reviewed lawsuit memo; discussed issues with Jon Daniel. | 3.00 | 1,035.00 |
| DBL | 04/04/2006 | Teleconference with David Elmquist and Andy Kochanowski; telecoms with Mark Andrews and Keith Aurzada; reviewed materials obtained from Debtor. | 4.00 | 1,380.00 |
| DBL | 04/06/2006 | Participated in teleconference with Creditors' Committee; conference with Jon Daniel on various matters; telecom with David Elmquist; telecoms with Elmquist and Andy Kochanowski regarding contingent fee engagement; reviewed debtor financial statements. | 3.50 | 1,207.50 |

EXHIBIT F

# LAIN, FAULKNER & CO., P.C.
## DAILY LOG
## March 01, 2006  THRU  May 18, 2006
## For Services Rendered

## International Galleries - Trustee
## Trustee Services

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|--------------------------|----------------|------------|
| DBL | 05/16/2006 | Prepared for and attended hearing on conversion; meeting with creditors and Jeff Carruth. | 1.50 | $517.50 |
| DBL | 05/17/2006 | Telecoms with David Elmquist regarding status of various projects; telecom with Michelle Shriro; reviewed claims issues. | 2.50 | 862.50 |
| DBL | 05/18/2006 | Telecom with David Elmquist; telecom with Shannon Clark on LaRaza suit; discussed open issues with Jon Daniel. | 1.50 | 517.50 |
| | | *Daily Log Total: | 123.80 | 42,711.00 |

EXHIBIT F

## LAIN, FAULKNER & CO., P.C.
## DAILY LOG
## May 19, 2006  THRU  March 31, 2008
## For Services Rendered

**International Galleries - Ch. 7 (TTEE)**
Travel Time

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|-------------------------|----------------|------------|
| DBL | 12/12/2006 | Travel time from Chicago to Dallas; weather delay. | 6.00 | $1,035.00 |
| | | *Daily Log Total: | 6.00 | 1,035.00 |

EXHIBIT G

# LAIN, FAULKNER & CO., P.C.
## DAILY  LOG
## May 19, 2006  THRU  March 31, 2008
### For Services Rendered

## International Galleries - Ch. 7 (TTEE)
### Trustee Services

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|--------------------------|:--------------:|----------:|
| DBL | 05/19/2006 | Telecoms with David Elmquist, Mike Rosen and Keith Aurzada regarding sale of equipment; telecom with Harvey Stricken (Optimal); reviewed and responded to creditor inquiries; reviewed various pleadings. | 3.50 | $1,207.50 |
| DBL | 05/22/2006 | Various telecoms with creditors and attorneys; reviewed financial information from debtor. | 3.00 | 1,035.00 |
| DBL | 05/23/2006 | Telecoms with David Elmquist; reviewed application to employ Winstead; telecom with Harvey Stricken; reviewed file on Pivital, emailed general counsel. | 3.00 | 1,035.00 |
| DBL | 05/24/2006 | Telecom with David Elmquist; email exchange with George Gelshy; reviewed materials from Harvey Stricken; discussed Lain, Faulkner & Co. procedures and issues with Jon Daniel. | 2.00 | 690.00 |
| DBL | 05/25/2006 | Telecom with David Elmquist regarding La Raga suit; reviewed revised contingent fee agreement; reviewed various motions; telecom with Michelle Shriro; telecoms with creditors. | 3.50 | 1,207.50 |
| DBL | 05/30/2006 | Returned creditor telecoms; reviewed claims filed in case; discussed update with Jon Daniel. | 3.00 | 1,035.00 |
| DBL | 05/31/2006 | Telecom with George Gelshy regarding offer; reviewed open issues; telecoms with David Elmquist; discussed case matters with Jon Daniel; reviewed emails; returned creditor telecoms. | 3.00 | 1,035.00 |
| DBL | 06/01/2006 | Teleconference with David Elmquist and Jon Daniel regarding Bywater offer; reviewed creditor emails. | 3.00 | 1,035.00 |
| DBL | 06/01/2006 | Telecoms with numerous creditors; updated discussion with Jon Daniel and David Elmquist. | 1.00 | 345.00 |
| DBL | 06/02/2006 | Telecoms with David Elmquist regarding various matters; telecoms with numerous creditors (questions on claims deadline, artists' questions); discussed bids and auction issues with Jon Daniel; dealt with replies to numerous emails. | 3.00 | 1,035.00 |
| DBL | 06/05/2006 | Teleconference with David Elmquist, Jeff Carruth and Jon Daniel on status of dealing with action items; telecoms to creditors; follow-up with George Gelsky regarding his bid. | 3.00 | 1,035.00 |
| DBL | 06/06/2006 | Telecom with David Elmquist, on various issues; telecoms with creditors; email exchanges with creditors; reviewed project status with Jon Daniel. | 3.50 | 1,207.50 |
| DBL | 06/07/2006 | Teleconference with Thorwald and others; meeting with George Gelsky and others; telecoms with various creditors; emailed responses to creditor inquiries; reviewed Court document. | 5.00 | 1,725.00 |
| DBL | 06/08/2006 | Telecoms with Harvey Stricken (Optimal); discussed procedure with Jon Daniel; numerous telecoms with creditors; received and reviewed bid from Patrick Guillot; telecoms with David Elmquist regarding same; reviewed open items list. | 3.50 | 1,207.50 |
| DBL | 06/09/2006 | Teleconference with David Elmquist, Jon Daniel, Pat Guilot and Eddie _____; reviewed purchase proposal and discussed with Jon Daniel and David Elmquist. | 3.50 | 1,207.50 |
| DBL | 06/12/2006 | Telecoms with David Elmquist, Jeff Carruth and Jon Daniel regarding sale issues. | 1.50 | 517.50 |
| DBL | 06/14/2006 | Telecoms regarding asset sales; reviewed blackline APA. | 1.00 | 345.00 |
| DBL | 06/15/2006 | Various discussions with David Elmquist; reviewed contract for sale. | 1.00 | 345.00 |

## LAIN, FAULKNER & CO., P.C.
## DAILY  LOG
## May 19, 2006  THRU  March 31, 2008
### For Services Rendered

**International Galleries - Ch. 7 (TTEE)**
**Trustee Services**

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|--------------------------|----------------|------------|
| DBL | 06/16/2006 | Telecom with David Elmquist; reviewed updated sales agreement drafts. | 1.00 | $345.00 |
| DBL | 06/19/2006 | Prepared for and attended hearing on asset sale; telecoms with several IGI creditors; telecoms with David Elmquist on sales issues; discussed Optimal situation with Jon Daniel; telecom with Barbara Erwin (artist) and Jeff Carruth. | 4.50 | 1,552.50 |
| DBL | 06/20/2006 | Worked on sale transaction; telecoms regarding auction; discussed various case matters with David Elmquist. | 3.50 | 1,207.50 |
| DBL | 06/21/2006 | Telecoms with IGI Creditors; reviewed draft of APA for Gelsky group; reviewed and discussed issues on notice; telecom with Harvey Stricken (Optimal). | 4.00 | 1,380.00 |
| DBL | 06/22/2006 | Attended auction; reviewed documents retrieved from IGI offices; discussed logistical issues with Jon Daniel and Jeff Carruth. | 3.00 | 1,035.00 |
| DBL | 06/26/2006 | Reviewed sale documents; telecoms with David Elmquist and Jeff Carruth regarding various issues. | 3.00 | 1,035.00 |
| DBL | 06/27/2006 | Prepared for and attended Creditors' meeting; reviewed and discussed with David Elmquist current draft of asset sale agreement; reviewed proposed letter to members; various telecoms and discussion with members. | 6.00 | 2,070.00 |
| DBL | 06/28/2006 | Prepared for and attended hearing on contingent fee counsel; various telecoms regarding APA issues; telecom with creditors. | 5.00 | 1,725.00 |
| DBL | 06/29/2006 | Various telecoms regarding asset purchase agreement; reviewed agreement; telecom with David Elmquist regarding LaRuga; telecoms with artists and members regarding general questions; teleconference with Nancy Resnick and David Elmquist regarding possible referral. | 6.00 | 2,070.00 |
| DBL | 06/30/2006 | Telecoms regarding APA; reviewed APA; executed final APA; telecom with Jim Lord regarding transactions processed through QBOZ; reviewed financial records. | 5.00 | 1,725.00 |
| DBL | 07/05/2006 | Discussed problems with APA with David Elmquist; reviewed claims issues; telecoms with creditors; discussed QBOS logistics with Jeff Carruth; telecom with Jim Lord; revised letter to members. | 5.50 | 1,897.50 |
| DBL | 07/06/2006 | Continued work on APA issues; telecoms with numerous member/creditors; telecoms with Jeff Carruth and David Elmquist. | 4.00 | 1,380.00 |
| DBL | 07/07/2006 | Worked on member list issues; various telecoms with creditors; reviewed issues on return of Art; numerous discussions on asset sale agreement; telecoms with creditors. | 5.50 | 1,897.50 |
| DBL | 07/10/2006 | Teleconference regarding required alterations to asset sale document; reviewed draft APA; telecom with David Elmquist regarding various case matters; discussed schedule of administrative period liabilities with Jon Daniel. | 4.00 | 1,380.00 |
| DBL | 07/11/2006 | Continued work on asset sales; reviewed emails from creditors; various telecoms with creditors; teleconference with David Elmquist and Andy Kochanowski. | 5.00 | 1,725.00 |
| DBL | 07/13/2006 | Various teleconferences with David Elmquist regarding case matters; telecoms with creditors; discussed open issues with Jon Daniel. | 4.00 | 1,380.00 |
| DBL | 07/14/2006 | Telecoms with creditors; reviewed claims filed; discussed sales tax matter with Cristin Daniel; reviewed files on credit card processors. | 3.00 | 1,035.00 |

## LAIN, FAULKNER & CO., P.C.
## DAILY LOG
## May 19, 2006 THRU March 31, 2008
### For Services Rendered

**International Galleries - Ch. 7 (TTEE)**
**Trustee Services**

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|--------------------------|----------------|------------|
| DBL | 07/17/2006 | Telecoms with creditors; telecoms with David Elmquist regarding proposed sale and other open matters; reviewed file on Pivotal and data retention. | 3.50 | $1,207.50 |
| DBL | 07/18/2006 | Numerous telecoms with creditors; telecom with Andy Kochanowski and David Elmquist regarding LaRaza; reviewed status of documents and data retention and related precedures. | 3.00 | 1,035.00 |
| DBL | 07/19/2006 | Prepared for and attended motion to settle with Optimal; planned meeting with David Elmquist; various telecoms and emails on outstanding issues. | 5.00 | 1,725.00 |
| DBL | 07/20/2006 | Telecoms with creditors; discussed La Raza issues with David Elmquist; emails on various matters. | 1.50 | 517.50 |
| DBL | 07/21/2006 | Numerous telecoms with creditors; discussed LaRaza issues with David Elmquist; discussed various open projects with Cristin Daniel; telecom with David Elmquist on Thorwald. | 3.00 | 1,035.00 |
| DBL | 07/27/2006 | Met with Jim Lord, Andy Kochanowski, David Elmquist and Frank Thorwald; dinner with Elmquist, Kochanowski and Thorwald. | 6.00 | 2,070.00 |
| DBL | 07/28/2006 | Met with Andy Kochanowski and Frank Thorwald. | 2.00 | 690.00 |
| DBL | 07/31/2006 | Telecoms with David Elmquist on sale, La Raza issues; reviewed file on La Raza; dealt with La Raza file to be sent to Andy Kochanowski. | 3.00 | 1,035.00 |
| DBL | 08/01/2006 | Reviewed correspondence on sale of art; telecom with David Elmquist regarding possible revised offer from Guillot group; reviewed correspondence on LaRaza. | 3.00 | 1,035.00 |
| DBL | 08/02/2006 | Returned telecoms to creditors; reviewed artwork listings; reviewed and transmitted Rosen expenses; emails with Andrew Kochanowski on LaRaza. | 2.50 | 862.50 |
| DBL | 08/03/2006 | Telecoms with creditors; reviewed various information for Andrew Kochanowski; telecom with Jim Lord; discussed issues on sales tax with Jon Daniel. | 3.00 | 1,035.00 |
| DBL | 08/04/2006 | Telecom with David Elmquist regarding Optimal; reviewed administrative expense schedule; discussed same with Jon Daniel; emails to Andrew Kochanowski; reviewed pleadings, etc. on La Raza. | 3.00 | 1,035.00 |
| DBL | 08/07/2006 | Telecom with Linda Paquette regarding filing of asset case; telecom with Jeff Carruth regarding Meyer; emails to Andrew Kochanowski regarding La Raza; discussed server backup issues with Jon Daniel. | 2.50 | 862.50 |
| DBL | 08/08/2006 | Reviewed electronic document preservation memo with Jon Daniel and Anita Doughty; telecoms with Jeff Carruth regarding various matters; reviewed administrative claim support schedules. | 2.50 | 862.50 |
| DBL | 08/09/2006 | Telecoms with creditors; discussed cash collateral issues with Jon Daniel; reviewed schedules of prints available. | 2.00 | 690.00 |
| DBL | 08/10/2006 | Reviewed and discussed cash collateral schedule with Jon Daniel; telecom with Frank Thorwald; met with David Elmquist and Mike Rosen. | 3.50 | 1,207.50 |
| DBL | 08/11/2006 | Telecom with David Elmquist; reviewed Frank Thorwald's letter; reviewed Guillot's letter; researched wire from Optimal; reviewed information from Optimal. | 2.50 | 862.50 |

# LAIN, FAULKNER & CO., P.C.
## DAILY LOG
### May 19, 2006  THRU  March 31, 2008
### For Services Rendered

**International Galleries - Ch. 7 (TTEE)**
**Trustee Services**

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|--------------------------|----------------|------------|
| DBL | 08/14/2006 | Telecom with Jon Daniel and Jeff Carruth regarding Optimal issues; reviewed Manford Ventures offer; voicemail to David Elmquist; email to Frank Thorwald. | 1.00 | $345.00 |
| DBL | 08/15/2006 | Reviewed Manford Venture proposal; discussed same with Jon Daniel and David Elmquist; teleconference with Frank Thorwald, Steve Studdert, Jon Daniel and David Elmquist; reviewed memo from Mike Rosen; telecoms with creditors. | 3.00 | 1,035.00 |
| DBL | 08/16/2006 | Telecom with John Haffey, Art World and David Elmquist; subsequent telecom with David Elmquist; emails regarding art sales. | 1.50 | 517.50 |
| DBL | 08/22/2006 | Telecom with David Elmquist regarding various issues; correspondence and telecoms with creditors; reviewed issues on art sales. | 2.50 | 862.50 |
| DBL | 08/23/2006 | Reviewed artwork inventory; researched sale prospects for art; discussed same with David Elmquist. | 2.50 | 862.50 |
| DBL | 08/24/2006 | Telecom with Andy Kochanowski regarding LaRaza; reviewed file and correspondence on same; telecoms with David Elmquist on various matters; discussed Optimal issues with Jon Daniel. | 4.00 | 1,380.00 |
| DBL | 08/29/2006 | Telecom with David Elmquist regarding art sales; emails and telecoms with creditors; reviewed progress on asset recovery actions; discussed various open areas with Jon Daniel. | 2.50 | 862.50 |
| DBL | 08/31/2006 | Discussed banks response with Jon Daniel; replied to Jeff Carruth on same; reviewed art sales-related emails; telecoms with creditors; reviewed information on Optimal. | 3.50 | 1,207.50 |
| DBL | 09/01/2006 | Telecom with David Elmquist regarding various matters; reviewed emails on art sale; reviewed cash reports. | 1.50 | 517.50 |
| DBL | 09/05/2006 | Telecom to David Elmquist regarding art sales; attempted call to Art World; reply to Rosen email; reviewed creditor claims. | 2.00 | 690.00 |
| DBL | 09/06/2006 | Telecom with David Elmquist regarding various open matters. | 0.60 | 207.00 |
| DBL | 09/11/2006 | Telecoms with David Elmquist; telecom with Michelle Shriro and David Elmquist; reviewed information on art sale. | 1.50 | 517.50 |
| DBL | 09/12/2006 | Attended 341 meeting and subsequent meeting with David Elmquist. | 2.00 | 690.00 |
| DBL | 09/13/2006 | Telecom with David Elmquist regarding various case matters; reviewed correspondence on art sales and cash collateral. | 2.00 | 690.00 |
| DBL | 09/14/2006 | Telecom with David Elmquist; reviewed emails on asset sales issues; reviewed cash and bond issues. | 1.50 | 517.50 |
| DBL | 09/18/2006 | Executed agreement with John Haffey; telecoms with creditors; reviewed open issues with David Elmquist. | 2.00 | 690.00 |
| DBL | 09/20/2006 | Telecom with Whitney Baker (Disney) regarding money owed to IGI; telecom with Michelle Shriro regarding Meyer; discussed art sale with David Elmquist; telecoms to creditors. | 2.50 | 862.50 |
| DBL | 09/22/2006 | Researched emails and replied to Jim Lord on fee deal per Andy K.'s request; discussed various issues with Jon Daniel and David Elmquist. | 1.50 | 517.50 |
| DBL | 09/25/2006 | Reviewed offer from Paul Meyer; discussed same with David Elmquist; reviewed progress on art sale; telecom with Andy K. regarding LaRaza. | 2.50 | 862.50 |

EXHIBIT H

## LAIN, FAULKNER & CO., P.C.
## DAILY LOG
## May 19, 2006  THRU  March 31, 2008
## For Services Rendered

**International Galleries - Ch. 7 (TTEE)**
**Trustee Services**

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|--------------------------|---------------|-----------|
| DBL | 09/27/2006 | Telecoms with creditors; reviewed LaRaza production requests; discussed same with Jon Daniel; telecom with David Elmquist. | 2.50 | $862.50 |
| DBL | 09/28/2006 | Telecom and email with David Wolman (represents artist); telecom with David Elmquist on various case matters; remail exchange with Michelle Shriro; reviewed cash report; returned telecoms to creditors. | 4.00 | 1,380.00 |
| DBL | 09/29/2006 | Reviewed art inventory; teleconference with David Elmquist and John Haffey; reviewed claims. | 2.50 | 862.50 |
| DBL | 10/02/2006 | Reviewed selected claims; telecoms with creditors; telecom with David Elmquist regarding various case matters. | 1.50 | 517.50 |
| DBL | 10/05/2006 | Met with US Trustee and other government representatives regarding their investigation of IGI. | 2.00 | 690.00 |
| DBL | 10/05/2006 | Telecom with David Elmquist regarding various case matters; reviewed emails from creditors; returned creditor calls. | 1.00 | 345.00 |
| DBL | 10/06/2006 | Telecoms with creditors. | 0.50 | 172.50 |
| DBL | 10/10/2006 | Telecom with David Elmquist regarding sale of art work; teleconference with David Elmquist and Mike Rosen; discussed W-2 issues with Keith Enger; discussed status of government reporting with David and Nancy Resnick. | 2.50 | 862.50 |
| DBL | 10/11/2006 | Telecom with David Elmquist regarding art sales and potential deal with Meyer; telecom with Michelle Shriro; reviewed cash report. | 1.50 | 517.50 |
| DBL | 10/12/2006 | Reviewed correspondence on claims; telecoms with creditors; telecom with David Elmquist. | 1.50 | 517.50 |
| DBL | 10/16/2006 | Reviewed information on State of Texas claim; discussed status of various matters with Jon Daniel. | 1.50 | 517.50 |
| DBL | 10/17/2006 | Reviewed Lain, Faulkner schedule on State of Texas claim; telecom with David Elmquist regarding sales of art reproductions; telecoms with creditors. | 2.50 | 862.50 |
| DBL | 10/18/2006 | Followed up on numerous issues with David Elmquist; discussed issues with landlord with Jon Daniel. | 1.00 | 345.00 |
| DBL | 10/19/2006 | Telecom with David Elmquist; telecoms with creditors; telecom to Michelle Shriro. | 1.50 | 517.50 |
| DBL | 10/20/2006 | Telecoms with David Elmquist regarding art sales and other case matters; reviewed claims and other email traffic. | 2.00 | 690.00 |
| DBL | 10/23/2006 | Teleconference with Jon Daniel and David Elmquist regarding various matters; discussed claims; discussed QBOS related issues with Jon Daniel. | 2.00 | 690.00 |
| DBL | 10/24/2006 | Reviewed correspondence with artists; returned creditor calls; discussed various matters with John Daniel. | 1.00 | 345.00 |
| DBL | 10/25/2006 | Reviewed cash report; discussed landlord issues with John Daniel; telecom with David Elmquist regarding Sissily painting and other matters. | 1.50 | 517.50 |
| DBL | 11/09/2006 | Various conversations with Michelle Shriro and David Elmquist regarding Meyer issues; telecom with Kyle Rosen ergarding sale of assets; numerous telecoms with Cristin Daniel regarding landlord and security issues. | 2.50 | 862.50 |

## LAIN, FAULKNER & CO., P.C.
## DAILY LOG
### May 19, 2006 THRU March 31, 2008
### For Services Rendered

**International Galleries - Ch. 7 (TTEE)**
**Trustee Services**

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|--------------------------|----------------|------------|
| DBL | 11/10/2006 | Travel to production facility; met with Cristin Daniel and Eric Rutledge regarding security of art, sale of remaining assets and cleanup of premisis; discussed new lease issues with Eric; reported to David Elmquist; returned to office. | 2.50 | $862.50 |
| DBL | 11/13/2006 | Telecoms with David Elmquist; teleconference with John Haffey regarding art sales; teleconference with Michelle Shriro regarding Meyer; discussed status of various matters with Jon Daniel. | 3.00 | 1,035.00 |
| DBL | 11/14/2006 | Dealt with issues of art works; trips to IGI offices; various telecoms; conference with David Elmquist. | 4.50 | 1,552.50 |
| DBL | 11/15/2006 | Discussed requests for information to Paul Meyer with David Elmquist and Jon Daniel; emails regarding same; followed up on issues related to art theft; teleconference with John Haffey; communicated with Andy K. regarding La Raza. | 6.00 | 2,070.00 |
| DBL | 11/20/2006 | Met with David Elmquist; meeting with Jon Daniel; meeting with Michelle Shriro and Paul Meyer to discuss disclosures and possible transaction; discussed status of response from Addison Police on art theft. | 6.00 | 2,070.00 |
| DBL | 11/21/2006 | Followed up on art sale issues; discussed response to Andy K. information requests with staff. | 2.00 | 690.00 |
| DBL | 11/22/2006 | Prepared for and attended hearing on artists contracts; discussions with JD Evans and David Elmquist regarding artist issues. | 2.00 | 690.00 |
| DBL | 11/27/2006 | Worked on various projects in support of LaRaza lawsuit; discussed art theft with Jon Daniel; letter to Paul Meyer. | 4.00 | 1,380.00 |
| DBL | 11/29/2006 | Reviewed and discussed subpoena received from IRS; telecom with David Elmquist on timing of sale and resolution of artist issues; followed up on requests from Andy Kockanowski. | 3.50 | 1,207.50 |
| DBL | 11/30/2006 | Followed up on art theft issues; telecoms with David Elmquist on various case matters; reviewed draft responses to interrogatories and executed same. | 4.00 | 1,380.00 |
| DBL | 12/01/2006 | Telecom with David Elmquist regarding various matters; telecom with Andy Kochanowski regarding LaRaza issues; discussed communications with Pat Guillet with David Elmquist. | 2.00 | 690.00 |
| DBL | 12/06/2006 | Meeting with Andy Kochanowski on La Raza issues. | 2.00 | 690.00 |
| DBL | 12/06/2006 | Dealt with issues on art sales, artist contracts and IRS subpoena. | 3.00 | 1,035.00 |
| DBL | 12/07/2006 | Corresponded with Russell Wheeler; discussed art sale with David Elmquist; telecom with Andy Kochanowski regarding LaRaza. | 2.50 | 862.50 |
| DBL | 12/08/2006 | Dealt with LaRaza requests from Andy K.; telecoms with David Elmquist regarding various issues. | 2.50 | 862.50 |
| DBL | 12/10/2006 | Travel from Dallas to Chicago for depositions. | 4.00 | 1,380.00 |
| DBL | 12/11/2006 | Deposition of Jorge Medranos (editor of LaRaza); various discussions with Andy K. | 9.00 | 3,105.00 |
| DBL | 12/12/2006 | Deposition of Robert Armband (publisher of LaRaza); various discussions with Andy K. | 5.00 | 1,725.00 |
| DBL | 12/13/2006 | Correspondence regarding art bids; telecoms with David Elmquist regarding same; reviewed and executed lease agreements. | 1.00 | 345.00 |
| DBL | 12/18/2006 | Various discussions regarding art sales; reviewed emails on LaRaza; reviewed bills for payment. | 2.00 | 690.00 |

# LAIN, FAULKNER & CO., P.C.
## DAILY LOG
## May 19, 2006 THRU March 31, 2008
### For Services Rendered

**International Galleries - Ch. 7 (TTEE)**
**Trustee Services**

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|--------------------------|---------------:|-----------:|
| DBL | 12/20/2006 | Discussed art sale and other case issues with David Elmquist; reviewed bid; discussed art theft issues with Jon Daniel. | 3.00 | $1,035.00 |
| DBL | 12/27/2006 | Various telecoms with David Elmquist, Michelle Shriro regarding art sales/settlement. | 1.50 | 517.50 |
| DBL | 12/28/2006 | Worked on sale of artwork; reviewed drafts of agreements. | 2.50 | 862.50 |
| DBL | 01/08/2007 | Discussed current status of art sales with Jon Daniel; telecom with David Elmquist regarding various matters; telecom with Andy Kockanowski regarding LaRaza; drafted letter on LaRaza suit. | 2.50 | 900.00 |
| DBL | 01/09/2007 | Numerous telecoms with Andy Kochanowski regarding LaRaza matters; numerous discussions with David Elmquist regarding art sales; reviewed deposition of Douglas Konkol; reviewed pleading for extension of time and response; reviewed and discussed various prospects for art sale. | 4.50 | 1,620.00 |
| DBL | 01/10/2007 | Telecom with Andy Kockanowski regarding LaRaza; reviewed pleadings; telecoms with David Elmquist on various issues; sent revised purchase offer to Michelle Shriro; reviewed LaRaza materials. | 2.50 | 900.00 |
| DBL | 01/12/2007 | Telecom with David Elmquist; teleconference with David Elmquist and John Haffey; discussed case issues with Jon Daniel. | 1.00 | 360.00 |
| DBL | 01/16/2007 | Reviewed letter on Banks; reviewed artists settlement motion; discussed same with David Elmquist and Jon Daniel. | 1.50 | 540.00 |
| DBL | 01/17/2007 | Processed LaRaza litigation expenses; disscused art sales options with Jon Daniel and David Elmquist. | 1.50 | 540.00 |
| DBL | 01/19/2007 | Various conferences regarding art sales; telecom with Andy Kockanowski regarding experts; reviewed depositions. | 4.50 | 1,620.00 |
| DBL | 01/22/2007 | Reviewed LaRaza expenses for payment; reviewed LaRaza expenses to date; discussed LaDatt response with Jon Daniel. | 1.00 | 360.00 |
| DBL | 01/23/2007 | Dealt with various issues on settlement with artists; telecoms with David Elmquist on art sales; received and reviewed interrogatories in the LaRaza lawsuit; reviewed cash paid out for LaRaza expenses. | 3.00 | 1,080.00 |
| DBL | 01/24/2007 | Telecoms with David Elmquist regarding art sales; attempted teleconference with John Haffey; discussed litigation expenses with Andy Kochanowski; reviewed interrogatories from LaRaza. | 2.50 | 900.00 |
| DBL | 01/29/2007 | Discussed and researched letter from McDonald Sanders. | 3.50 | 1,260.00 |
| DBL | 01/30/2007 | Reviewed draft motion on payment of LaRaza expenses; reviewed schedule of payments; telecom with Andy Kochanowski and David Elmquist. | 2.00 | 720.00 |
| DBL | 01/31/2007 | Telecom with David Elmquist regarding art sales; teleconference with Elmquist and Mike Rosen; telecom with Eric Rutledge regarding lease issues; telecoms with creditors; researched payments to Sommers Schwartz; drafted letters to bond/insurance companies; reviewed file on art theft; discussed approach to answering new interrogatories with Cristin Daniel. | 4.00 | 1,440.00 |
| DBL | 01/31/2007 | Reviewed and executed agreement with Rosen to sell art copies. | 0.50 | 180.00 |
| DBL | 01/31/2007 | Telecom with David Elmquist regarding lease issues. | 0.50 | 180.00 |

EXHIBIT H

# LAIN, FAULKNER & CO., P.C.
## DAILY LOG
## May 19, 2006  THRU  March 31, 2008
### For Services Rendered

## International Galleries - Ch. 7 (TTEE)
## Trustee Services

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|--------------------------|----------------|------------|
| DBL | 02/01/2007 | Reviewed documents for McDonald Sanders answer; reviewed interrogatory issues; discussed art sales issues with David Elmquist; reviewed landlord issues; telecom with Eric Rutledge. | 3.00 | $1,080.00 |
| DBL | 02/02/2007 | Reviewed art sales issues; telecoms with JD Evans regarding his possible purchase; various telecoms with David Elmquist; reviewed draft letter on art theft; reviewed invoices on LaRaza suit; reviewed keyword list and other information on LaRaza interrogatories. | 4.00 | 1,440.00 |
| DBL | 02/05/2007 | Dealt with art sales issues; reviewed letter to Mergs; telecoms with David Elmquist on various issues. | 2.50 | 900.00 |
| DBL | 02/06/2007 | Emailed and telecom with Eric Rutledge on final settlement with landlord; teleconference with Mike Rosen; reviewed artists letters; returned creditor calls. | 2.50 | 900.00 |
| DBL | 02/07/2007 | Reviewed artists' responses; reviewed pleadings; discussed art insurance issues with Jon Daniel. | 1.50 | 540.00 |
| DBL | 02/08/2007 | Reviewed pleading on Banks; discussed original art sales issues with David Elmquist. | 0.50 | 180.00 |
| DBL | 02/09/2007 | Telecom with David Elmquist and Linda Paquette regarding artist settlements and related issues; reviewed emails on same. | 1.50 | 540.00 |
| DBL | 02/09/2007 | Telecom with Elmquist and Rosen; reviewed response to settlement by Wheelers. | 0.50 | 180.00 |
| DBL | 02/16/2007 | Numerous telecoms with David Elmquist on various artist matters; reviewed pleadings and correspondence. | 2.00 | 720.00 |
| DBL | 02/19/2007 | Prepared for upcoming court hearings; various case issue discussions with David Elmquist. | 1.50 | 540.00 |
| DBL | 02/20/2007 | Attended motion of artist JD Evans; various discussions with Evans and other artists. | 2.50 | 900.00 |
| DBL | 02/21/2007 | Met with Michelle Mendez regarding art issues of her client; attended hearing on LaRaza litigation expense authority; continued meeting with Michelle Mendez; discussed various issues with David Elmquist. | 6.50 | 2,340.00 |
| DBL | 02/27/2007 | Dealt with LaRaza issues and related documents to be produced. | 2.00 | 720.00 |
| DBL | 02/28/2007 | Discussions regarding document prodcution issues in LaRaza; discussed DuBois issues with David Elmquist; telecoms with Andy Kockanowski regarding status of LaRaza case. | 2.00 | 720.00 |
| DBL | 03/01/2007 | Reviewed documents for production; telecom with David Elmquist regarding various matters. | 2.50 | 900.00 |
| DBL | 03/02/2007 | Telecom and email exchange with Andy Kochanowski regarding Mega Fund issues; researched same; discussed status of QBOS information flow with Andy and Cristin Daniel; reviewed correspondence on Banks matter; discussed DuBoia issues with David Elmquist. | 3.00 | 1,080.00 |
| DBL | 03/05/2007 | Reviewed pleadings in LaRaza; telecom with Andy Kochanowski; telecom with David Elmquist and Mike Rosen regarding art sales. | 2.50 | 900.00 |
| DBL | 03/06/2007 | Meeting with David Elmquist on art sales issues and testimony. | 3.00 | 1,080.00 |
| DBL | 03/07/2007 | Met with David Elmquist on art sales; attended hearing on same; various discussions regarding DuBoir and other artists. | 3.00 | 1,080.00 |
| DBL | 03/08/2007 | Various telecoms with LaRaza and art sales; reviewed LaRaza pleadings. | 4.00 | 1,440.00 |

# LAIN, FAULKNER & CO., P.C.
## DAILY LOG
## May 19, 2006 THRU March 31, 2008
### For Services Rendered

**International Galleries - Ch. 7 (TTEE)**

**Trustee Services**

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|---|---|---|---|---|
| DBL | 03/09/2007 | Telecoms with David Elmquist, Linda Paquette and Andy Kochanowski on LaRaza matters and logistics for depositions next week. | 2.00 | $720.00 |
| DBL | 03/12/2007 | Reviewed objection to sale motion; reviewed pleadings on LaRaza; telecom with Andy Kochanowski. | 2.50 | 900.00 |
| DBL | 03/13/2007 | Telecoms and emails regarding sale of Giclee copies; prepared for and attended hearing. | 4.00 | 1,440.00 |
| DBL | 03/15/2007 | Discussed various production issues with Cristin Daniel; attended depositions; dinner with Andy Kochanowski. | 7.00 | 2,520.00 |
| DBL | 03/16/2007 | Prepared for and attended court hearing; telecom with Russell Wheeler; discussed Wheeler settlement parameters with David Elmquist. | 3.00 | 1,080.00 |
| DBL | 03/19/2007 | Reviewed emails on DuBoris settlement issues; discussed art sales with Mike Rosen and David Elmquist; met with Cristin Daniel on member information issues. | 3.50 | 1,260.00 |
| DBL | 03/21/2007 | Telecoms with Andy Kochanowski regarding LaRaza; reviewed pleadings telecom with David Elmquist; telceom with Russell Wheeler; discussed document production status with Cristin Daniel. | 3.00 | 1,080.00 |
| DBL | 03/22/2007 | Continued support for LaRaza lawsuit; telecoms with Andy Kochanowski; telecoms with David Elmquist on DuBois. | 2.00 | 720.00 |
| DBL | 03/27/2007 | Reviewed draft Wheeler settlement agreement; discussed same with David Elmquist; reviewed file on background information for Wheeler agreement; discussed art sales with David Elmquist. | 2.20 | 792.00 |
| DBL | 03/28/2007 | Telecoms and emails regarding art sales and DuBois settlement. | 1.50 | 540.00 |
| DBL | 03/30/2007 | Dealt with lease issues; telecom with David Elmquist regarding various settlements; reviewed emails on status of Art settlement. | 2.00 | 720.00 |
| DBL | 04/02/2007 | Discussion with David Elmquist and Mike Rosen regarding giclee sales; telecom with Andy K. regarding La Raza issues. | 2.00 | 720.00 |
| DBL | 04/06/2007 | Reviewed correspondence from David Elmquist on DuBois settlement; telecom with David on same; telecom with Andy K. regarding QBOS issues; telecoms with creditors requesting updates. | 2.50 | 900.00 |
| DBL | 04/10/2007 | Telecom regarding art sales with David Elmquist and Mike Rosen; reviewd LaRaza expense invoices. | 1.00 | 360.00 |
| DBL | 04/11/2007 | Teleconference with Mike Rosen and David Elmquist on aspects of art sale; reviewed listings and categories from Linda Paquette. | 1.50 | 540.00 |
| DBL | 04/12/2007 | Telecoms with David Elmquist regarding various matters; reviewed LaRaza expense invoices. | 1.00 | 360.00 |
| DBL | 04/16/2007 | Telecom with Andy K.; reviewed documents for Andy. | 1.00 | 360.00 |
| DBL | 04/17/2007 | Attended deposition of Robert Fridd; dinner with Andy K. and Paul Myer. | 5.00 | 1,800.00 |
| DBL | 04/23/2007 | Telecoms with David Elmquist and Mike Rosen; reviewed pleadings on various matters. | 1.00 | 360.00 |
| DBL | 04/27/2007 | Telecom with David Elmquist and Linda Paquette to review art sales/disposal issues. | 0.50 | 180.00 |
| DBL | 04/30/2007 | Telecom with Andy K.; reviewed Taylor's expert report; discussed same with Ed McKee; telecoms with David Elmquist regarding numerous topics. | 2.50 | 900.00 |

# LAIN, FAULKNER & CO., P.C.
## DAILY  LOG
### May 19, 2006  THRU  March 31, 2008
#### For Services Rendered

## International Galleries - Ch. 7 (TTEE)
## Trustee Services

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|---|---|---|---|---|
| DBL | 05/01/2007 | Lunch meeting with David Elmquist and Eric Madden on upcoming hearings. | 1.50 | $540.00 |
| DBL | 05/07/2007 | Various discussions on pending motions; telecom with Mike Rosen regarding art sales. | 1.50 | 540.00 |
| DBL | 05/08/2007 | Various telecoms with David Elmquist regarding wrap up of art sale, Wheeler and DeBois motions; discussed move-out with Cristin Daniel; reviewed and commented on cash expenditure motion. | 2.50 | 900.00 |
| DBL | 05/09/2007 | Telecom with Andy Kockanowski on LaRaza; reviewed pleadings; telecoms with David Elmquist and Linda Paquette. | 2.00 | 720.00 |
| DBL | 05/10/2007 | Reviewed status of LaRaza related disbursements with Ellen Voss; email to attorneys; various discussions regarding art sales issues. | 1.50 | 540.00 |
| DBL | 05/11/2007 | Discussed status of various matters with David Elmquist; communicated with creditors. | 1.50 | 540.00 |
| DBL | 05/14/2007 | Telecom with Andy K. regarding LaRaza expenses; disucssed art sale and settlement issues with Linda Paquette; telecom with Mike Rosen regarding art auction. | 2.00 | 720.00 |
| DBL | 05/15/2007 | Corresponded with creditors; telecoms with Linda Paquette; discussed status of various matters with Cristin Daniel. | 2.00 | 720.00 |
| DBL | 05/16/2007 | Dealt with art sale issues; prepared for tomorrow's court hearing. | 1.50 | 540.00 |
| DBL | 05/17/2007 | Prepared for and attended hearing on DuBois settlement and sales of art, non settling artists. | 2.50 | 900.00 |
| DBL | 05/18/2007 | Teleconference with David Elmquist and Mike Rosen regarding art sales; discussed various case matters with David Elmquist; dealt with Creditor telecoms; emails from Linda Paquette. | 2.50 | 900.00 |
| DBL | 05/21/2007 | Several telecoms with David Elmquist; reviewed information on auction; reviewed status of lease and movement of artwork. | 3.50 | 1,260.00 |
| DBL | 05/23/2007 | Reviewed outline of testimony; meeting with Eric Madden rto prepare; attended court hearing on Wheeler settlement. | 3.50 | 1,260.00 |
| DBL | 05/24/2007 | Reviewed order and release on Wheeler; reviewed status of art sales; discussed various issues with Cristin Daniel. | 1.50 | 540.00 |
| DBL | 05/29/2007 | Dealt with various issues on art sales; telecom with Andy K. on status of LaRaza case; telecoms with creditors; reviewed order on Wheelers. | 1.50 | 540.00 |
| DBL | 05/30/2007 | Various discussions on LaRaza issues; reviewed and redrafted affidavit on cost of giclees; telecom with Elmquist. | 1.50 | 540.00 |
| DBL | 06/01/2007 | Reviewed expert reports from defendants; discussed revisions to Cristin Daniel's affidavit. | 1.50 | 540.00 |
| DBL | 06/12/2007 | Telecom with Andy Kockanowski regarding LaRaza; emails regarding sales reports; email exchange on JD Evans; reviewed and signed checks for rent (order entered). | 2.50 | 900.00 |
| DBL | 06/13/2007 | Telecoms with Andy Kochanowski; telecoms with Theresa Hardin; followed up on various issues. | 2.50 | 900.00 |
| DBL | 06/14/2007 | Telecom with David Elmquist on various open matters; telecoms and emails to Andy K. | 2.00 | 720.00 |
| DBL | 06/15/2007 | Teleconference with David Elmquist and Andy K. regarding LaRaza; reviewed expert report of Alan Fink, Barbara Schrtza and John Pavlik; reviewed art appraisals for "old masters". | 3.00 | 1,080.00 |

EXHIBIT H

# LAIN, FAULKNER & CO., P.C.
## DAILY LOG
### May 19, 2006  THRU  March 31, 2008
#### For Services Rendered

**International Galleries - Ch. 7 (TTEE)**
**Trustee Services**

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|--------------------------|----------------|------------|
| DBL | 06/21/2007 | Reviewed pleading from JD Evans; reviewed royalty payment list; answered creditor emails. | 1.50 | $540.00 |
| DBL | 07/05/2007 | Reviewed and executed documents for Rosen fee application; various discussions with staff on art issues; telecom with Linda Paquette on JD Evans. | 2.50 | 900.00 |
| DBL | 07/06/2007 | Corresponded with creditors; reviewed commission schedules; discussed various issues with Cristin Daniel. | 2.50 | 900.00 |
| DBL | 07/11/2007 | Creditor correspondence; correspondence from Paul Myer; reviewed cash receipts and disbursements. | 1.50 | 540.00 |
| DBL | 07/12/2007 | Reviewed artist correspondence and voicemail; discussed issues raised with Cristin Daniel. | 1.00 | 360.00 |
| DBL | 07/13/2007 | Reviewed claims files and correspondence. | 1.00 | 360.00 |
| DBL | 07/16/2007 | Dealt with artist issues; reviewed cash report; correspondence regarding Banks litigation. | 1.00 | 360.00 |
| DBL | 07/20/2007 | Reviewed materials on "Old Masters" art; reviewed materials from Paul Myer; reviewed cash report. | 1.50 | 540.00 |
| DBL | 07/23/2007 | Reviewed expert rebuttal reports; telecom with Andy K. regarding status of litigation; creditor calls. | 2.00 | 720.00 |
| DBL | 07/24/2007 | Compiled listing of art dealers for sale of old masters; reviewed additional materials from Andy K. | 2.00 | 720.00 |
| DBL | 07/26/2007 | Telecom with David Elmquist on several matters; reviewed email record for Stowers discussion; creditor calls. | 1.50 | 540.00 |
| DBL | 07/30/2007 | Discussed various case issues with David Elmquest; researched outlets for sale of "old masters"; reviewed expert reports; reviewed materials on art sale. | 2.50 | 900.00 |
| DBL | 08/01/2007 | Reviewed new expert reports and pleadings in LaRaza. | 1.50 | 540.00 |
| DBL | 08/02/2007 | Telecom with Andy K.; discussed developments with David Elmquist; reviewed case from Elmquist (Stowers). | 2.00 | 720.00 |
| DBL | 08/07/2007 | Correspondence on sale of art; telecoms with David Elmquist on various matters; email to Andy K. regarding trial schedule. | 2.50 | 900.00 |
| DBL | 08/13/2007 | Reviewed correspondence on LaRaza; telecom with David Elmquist on various matters. | 0.80 | 288.00 |
| DBL | 08/15/2007 | Telecom with Andy K. regarding status of LaRaza; telecom with David Elmquist on various matters. | 1.00 | 360.00 |
| DBL | 08/16/2007 | Reviewed additional materials on LaRaza lawsuit. | 2.50 | 900.00 |
| DBL | 08/17/2007 | Reviewed materials on LaRaza. | 2.00 | 720.00 |
| DBL | 08/28/2007 | Attended summary judgment hearing on Banks Fine Art; telecoms with Elmquist and Linda Paquette. | 4.50 | 1,620.00 |
| DBL | 09/10/2007 | Reviewed entries related to Banks; discussed same with David Elmquist and Cristin Daniel; telecom with creditors. | 1.00 | 360.00 |
| DBL | 09/12/2007 | Reviewed pleadings for summary judgment on LaRaza. | 2.50 | 900.00 |
| DBL | 09/13/2007 | Continued review of documents on summary judgment. | 3.50 | 1,260.00 |
| DBL | 09/14/2007 | Completed review of Summary Judgment documents. | 2.50 | 900.00 |
| DBL | 09/17/2007 | Discussed alternatives on Banks Fine Art with David Elmquist; reviewed art appraisals. | 1.50 | 540.00 |

EXHIBIT H

# LAIN, FAULKNER & CO., P.C.
## DAILY  LOG
## May 19, 2006  THRU  March 31, 2008
### For Services Rendered

## International Galleries - Ch. 7 (TTEE)
## Trustee Services

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|--------------------------|----------------|------------|
| DBL | 09/18/2007 | Telecom with David Elmquist on various matters; telecom to Andy K.; reviewed emails on LaRaza. | 1.50 | $540.00 |
| DBL | 09/20/2007 | Discussed revised proposal to Banks with David Elmquist. | 0.50 | 180.00 |
| DBL | 09/21/2007 | Telecom with Andy K. regarding LaRaza; reviewed records on Banks; reviewed LaRaza pleadings. | 2.50 | 900.00 |
| DBL | 09/24/2007 | Reviewed LaRaza pleadings; corresponded regarding Frank Thorwald. | 2.50 | 900.00 |
| DBL | 09/25/2007 | Telecom with Andy K. on various aspects of the LaRaza lawsuit; telecom with David Elmquist on Banks. | 1.00 | 360.00 |
| DBL | 09/26/2007 | Telecom with David Elmquist on Banks and LaRaza issues; reviewed refiled motions for summary judgment. | 1.00 | 360.00 |
| DBL | 09/27/2007 | Telecom with Frank Thorwald on location of former IGI employee; reviewed email on Banks from Elmquist. | 1.00 | 360.00 |
| DBL | 09/28/2007 | Reviewed settlement standing order on LaRaza; telecom with Andy K. regarding various aspects of case; telecom with Frank Thorwald. | 1.50 | 540.00 |
| DBL | 10/09/2007 | Reviewed docket on landlord claim; telecom with David Elmquist; discussed issues with Cristin Daniel. | 2.00 | 720.00 |
| DBL | 10/18/2007 | Teleconference with David Elmquist and Linda Paquette regarding various case issues; prepared for call. | 1.00 | 360.00 |
| DBL | 10/18/2007 | Reviewed La Raza trial documents. | 2.00 | 720.00 |
| DBL | 10/19/2007 | Telecom with Andy K. regarding LaRaza lawsuit. | 1.50 | 540.00 |
| DBL | 10/24/2007 | Reviewed LaRaza pleadings; teleconference with Andy K. and David Elmquist; reviewed expenses; discussed analysis of expenses with Cristin Daniel. | 2.50 | 900.00 |
| DBL | 10/29/2007 | Reviewed pleadings; reviewed expense summary and estimate; telecom with Andy K. | 2.00 | 720.00 |
| DBL | 11/01/2007 | Travel to Chicago; participated in settlement conference; participated in preliminary hearing; returned to Dallas. | 15.50 | 5,580.00 |
| DBL | 11/02/2007 | Follow-up with Andy K. on results of hearing; email to David Elmquist; reviewed schedule of litigation expenses. | 1.50 | 540.00 |
| DBL | 11/04/2007 | Traveled to Chicago; met with attorneys. | 6.00 | 2,160.00 |
| DBL | 11/05/2007 | Attended trial - La Raza; prepared for continued trial. | 10.00 | 3,600.00 |
| DBL | 11/06/2007 | Attended trial - La Raza; various meetings with attorneys. | 11.50 | 4,140.00 |
| DBL | 11/07/2007 | Attended trial - La Raza. | 8.50 | 3,060.00 |
| DBL | 11/08/2007 | Attended trial - La Raza; returned to Dallas. | 14.00 | 5,040.00 |
| DBL | 11/12/2007 | Various discussions regarding settlement of La Raza lawsuit. | 1.50 | 540.00 |
| DBL | 11/12/2007 | Traveled to Chicago; discussions with Andy K. | 5.00 | 1,800.00 |
| DBL | 11/13/2007 | Attended trial - La Raza. | 8.50 | 3,060.00 |
| DBL | 11/14/2007 | Attended trial - La Raza; mediation with Judge Kendall. | 10.00 | 3,600.00 |
| DBL | 11/15/2007 | Attended trial - La Raza. | 8.50 | 3,060.00 |
| DBL | 11/16/2007 | Attended trial - La Raza; mediation with Judge Kendall; meeting with Andy K.; returned to Dallas. | 13.50 | 4,860.00 |
| DBL | 11/20/2007 | Telecoms with Andy K. and Cristin Daniel on various matters regarding La Raza. | 1.00 | 360.00 |

# LAIN, FAULKNER & CO., P.C.
## DAILY LOG
## May 19, 2006 THRU March 31, 2008
### For Services Rendered

**International Galleries - Ch. 7 (TTEE)**
**Trustee Services**

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|--------------------------|----------------|------------|
| DBL | 12/03/2007 | Discussions with Andy K. and David Elmquist on La Raza settlement. | 0.50 | $180.00 |
| DBL | 12/05/2007 | Settlement conference with Bob Banks and counsel; prepared for same. | 2.50 | 900.00 |
| DBL | 12/10/2007 | Teleconference with ASM Capital and David Elmquist; follow-up with Elmquist. | 1.00 | 360.00 |
| DBL | 12/11/2007 | Reviewed fee application draft (Sommers Schwartz); corresponded on valuation of art; reviewed cash flow estimate. | 1.50 | 540.00 |
| DBL | 01/02/2008 | Reviewed objections to LaRaza settlement; reviewed cash forecast; reviewed correspondence on art issues. | 1.50 | 562.50 |
| DBL | 01/08/2008 | Telecoms with creditors. | 0.50 | 187.50 |
| DBL | 01/09/2008 | Correspondence and telecoms with creditors; discussed various matters with David Elmquist; reviewed Lain, Faulkner detailed invoices. | 2.00 | 750.00 |
| DBL | 01/14/2008 | Reviewed fee application issues with Lori Lowderman; reviewed detail of Lain Faulkner hours for case. | 1.50 | 562.50 |
| DBL | 01/15/2008 | Telecoms with David Elmquist regarding ASM Capital, LaRaza and JD Evans; corresponded with creditor. | 1.00 | 375.00 |
| DBL | 01/21/2008 | Discussed status of fee application with Cristin Daniel; corresponded with David Elmquist and Andy K. | 0.90 | 337.50 |
| DBL | 01/23/2008 | Telecom with David Elmquist regarding various matters; reviewed expense update from Andy K.; reviewed pleadings. | 1.00 | 375.00 |
| DBL | 01/24/2008 | Correspondence regarding contacts with ASM Capital; discussed procedures on ASM claims review with Cristin Daniel; reviewed pleadings. | 1.50 | 562.50 |
| DBL | 01/25/2008 | Reviewed fine in preparation for call with ASM Capital; telecom with David Elmquist and Andy K.; teleconference with ASM Capital. | 2.00 | 750.00 |
| DBL | 01/28/2008 | Prepared for hearing on LaRaza settlement. | 4.00 | 1,500.00 |
| DBL | 01/29/2008 | Prepared for and attended hearing on LaRaza. | 5.00 | 1,875.00 |
| DBL | 01/30/2008 | Prepared for and attended hearings on LaRaza, JD Evans and Banks; various meetings with attorneys. | 6.50 | 2,437.50 |
| DBL | 02/04/2008 | Teleconference/hearing with Judge Houser regarding opinion on LaRaza. | 0.50 | 187.50 |
| DBL | 02/06/2008 | Prepared for and attended hearing on Banks; various emails regarding claims issues. | 2.00 | 750.00 |
| DBL | 02/07/2008 | Followed up on LaRaza order; telecoms with David Elmquist and Andy K. | 1.00 | 375.00 |
| DBL | 02/13/2008 | Reviewed various orders entered by Court on LaRaza and Banks; processed wire transfer for Sommers Schwartz; discussed logistics on Banks with Cristin Daniel. | 1.50 | 562.50 |
| DBL | 02/14/2008 | Began review of claims issues for objection. | 1.00 | 375.00 |
| DBL | 02/18/2008 | Correspondence with Andy K. on Jane Ferguson; telecom with David Elmquist on various matters; discussed issues with Cristin Daniel. | 3.00 | 1,125.00 |
| DBL | 02/21/2008 | Various discussions regarding consummating Banks settlement and LaRaza issues; reviewed file. | 2.00 | 750.00 |

EXHIBIT H

# LAIN, FAULKNER & CO., P.C.
## DAILY LOG
## May 19, 2006 THRU March 31, 2008
## For Services Rendered

### International Galleries - Ch. 7 (TTEE)
### Trustee Services

| Emp | Date | Service Code Description | TimeCard Hours | TimeCard A |
|-----|------|--------------------------|----------------|------------|
| DBL | 02/29/2008 | Met with staff to discuss claims objection project; reviewed and signed Banks settlement; reviewed emails from creditors. | 1.20 | $450.00 |
| DBL | 03/26/2008 | Reviewed claims objections. | 1.50 | 562.50 |
| DBL | 03/27/2008 | Reviewed motions on claims objections and related matters; discussed same with David Elmquist. | 2.00 | 750.00 |
| | | **\*Daily Log Total:** | **740.70** | **262,407.00** |

EXHIBIT H